IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BENJAMIN SCOTT                                                                                                  PLAINTIFF
#23951

v.                                             4:22-cv-00985-KGB-JJV

RAY VANCE, Chief Deputy Sheriff,
Grant County Sheriff's Office; *et al.*                                                            DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.    DISCUSSION**

Benjamin Scott ("Plaintiff") has filed a Second Amended Complaint seeking relief under 42 U.S.C. § 1983. (Doc. 7). Plaintiff says when he arrived at the Sheridan Detention Center, he told officials he had six stents in his heart, two hernias, a bullet near his spine, reduced intestinal function, "stomach problems," and sciatic nerve issues. (*Id*.) Plaintiff claims Defendants gave him various unspecified medications during the month that he was in their custody, but they did not have him examined by a doctor. (*Id*.) For the following reasons, I recommend the Second Amended Complaint be dismissed without prejudice for failing to state a claim upon which relief

may be granted.[1]

First, to plead a plausible inadequate medical care claim, there must be facts suggesting: (1) Plaintiff had an objectively serious need for medical care; and (2) each of the defendants, subjectively knew of, but deliberately disregarded, that serious medical need. *See Rusness v. Becker Cty., Min.*, 31 F.4th 606, 614 (8th Cir. 2022); *Shipp v. Murphy*, 9 F.4th 694, 703 (8th Cir. 2021). As to the second element, deliberate indifference is a high threshold that goes well beyond negligence or gross negligence. *Langford v. Norris,* 614 F.3d 445, 460 (8th Cir. 2010). To establish deliberate indifference, there must be evidence the defendants "recognized that a substantial risk of harm existed and knew that their conduct was inappropriate in light of that risk." *Shipp,* 9 F.4th at 703 (emphasis in the original).

Here, Plaintiff admits Defendants were treating his complex medical problems with medications prescribed "by some doctor I've never seen before." (Doc. 7 at 5.) Plaintiff believes he should have been examined by a doctor before any medications were prescribed to him. But prisoners are not entitled to the medical care of their choosing, and a mere disagreement with the course of medical care does not rise to the level of a constitutional violation. *Langford*, 614 F.3d at 460; *Barr v, Pearson*, 909 F.3d 919, 921-22 (8th Cir. 2018). Plaintiff did not have a constitutional right to be examined by a doctor before medications were given to him. *See Breakiron v. Neal,* 166 F. Supp. 2d 1110, 1116 (N.D. Tex. 2001) ("Prisoners have no constitutional right to have their medication dispensed by a licensed medical practitioner"); *Palmer v. Helder*,

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

14-5180, 2015 WL 13736233, *7 (W.D. Ark. June 30, 2015) (same). More importantly, Plaintiff has not explained what specific medical care he needed while in Defendants' custody for one month, how the provided medications were constitutionally inadequate care, or how he was harmed by the provided care. *See Mason v. Corr. Med. Servs., Inc.,* 559 F.3d 880, 885 (8th Cir. 2009) (defendant's deliberate indifference to prisoner's medical needs must have caused harm); *Schaub v. VonWald*, 638 F.3d. 905, 915 (8th Cir. 2011) (prisoner must explain how defendants "ignored an acute or escalating condition" or how the delay in receiving appropriate medical care "adversely affected his prognosis"). Accordingly, I conclude he has not pled a plausible inadequate medical care claim against any of the Defendants.

Second, Plaintiff says, without explanation, Defendants violated the equal protection clause. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ( "labels and conclusions," "a formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim; and instead, a prisoner must set forth "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face"). To plead a plausible equal protection claim, there must be facts suggesting Plaintiff was treated differently from similarly situated inmates, and the different treatment was the result of intentional and purposeful discrimination. *See In re: Kemp*, 894 F.3d 900, 909-10 (8th Cir. 2018); *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 815 (8th Cir. 2008). Importantly, the "two groups must be similarly situated in all relevant respects." *Gilani v. Matthews*, 843 F.3d 342, 348 (8th Cir. 2016). Plaintiff has not provided any facts suggesting he was treated differently from similarly situated prisoners at the Sheridan Detention Center. Thus, he has not pled a plausible equal protection claim.

Finally, I previously brought these pleading deficiencies to Plaintiff's attention, gave him

thirty days to file a Third Amended Complaint correcting them, and cautioned him I would recommend dismissal if he did not do so. (Doc. 12.) The time for Plaintiff to comply with my instructions has expired.

## II. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Second Amended Complaint (Doc. 7) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2. The Court recommend dismissal count as a strike, in the future, for purposes of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 17th day of January 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE